UNITED STATES COURT OF APPEALS
**Filed 1/24/97**
FOR THE TENTH CIRCUIT

ROBERT M. BURNS,

      Plaintiff-Appellant,

v.

BOBBY GRAY, Sheriff, McIntosh
County; JOE JOHNSON, Mayor, City
of Eufaula, Oklahoma; O.R. BARRIS,
Assistant District Attorney, McIntosh
County,

      Defendants-Appellees.

No. 96-7071
(D.C. No. 95-CV-561)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert M. Burns, proceeding pro se, commenced a civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional right to medical care during his incarceration in the McIntosh County Jail by defendants O. R. Barris, McIntosh County Assistant District Attorney, and Bobby Gray, McIntosh County Sheriff.[1] The district court[2] granted Mr. Barris' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), determining that he was entitled to prosecutorial immunity. The district court granted Mr. Gray's motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), finding that he was not deliberately indifferent to Mr. Burns' medical needs. Because the allegations in the complaint lacked an arguable basis in law or fact, the district court upon its own motion dismissed the action in its entirety under 28 U.S.C. § 1915.[3]

On appeal, Mr. Burns argues (1) the district court erred in determining Mr. Barris had prosecutorial immunity because Mr. Barris accepted responsibility

---

[1] In his reply brief on appeal, Mr. Burns withdrew any allegations against Joe Johnson, Mayor of Eufaula, Oklahoma.

[2] The parties agreed that the magistrate judge should enter judgment in this case. See 28 U.S.C. § 636(c)(1).

[3] Although the district court did not so indicate, the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, which was passed before the district court dismissed this action, amended 28 U.S.C. § 1915 to require a district court to dismiss an action if it determined that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e) (as amended; formerly § 1915(d)).

outside of his prosecutorial function by stating at a bond reduction hearing that Mr. Burns' medical needs would be taken care of; (2) the district court erred in determining Mr. Gray was not deliberately indifferent to his medical needs because he was denied prescribed medication, Mr. Gray ignored his medical needs and delayed treatment in an attempt to coerce him to plead guilty, and he continues to suffer actual injury; (3) the district court erred in determining his claim that a pharmacy bill was not paid and properly credited to his account is moot because these same violations continue to occur to other prisoners and he continues to suffer from this incident; (4) Mr. Gray improperly submitted excerpts from Mr. Burns' deposition in support of his summary judgment motion because Mr. Burns did not have access to the deposition to determine whether any part should be quashed and the deposition was taken in a manner to aggravate, embarrass and harass him; and (5) the district court improperly permitted Mr. Gray to file motions by an attorney who had not entered an appearance.

Liberally construing Mr. Burns' pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we review the dismissal under § 1915 for an abuse of discretion, see Denton v. Hernandez, 504 U.S. 25, 33-34 (1992).

After reviewing the briefs and record on appeal, we conclude the district court correctly ruled against Mr. Burns as to the first three arguments he raises on

appeal. Accordingly, we affirm as to these for substantially the reasons stated by the district court in its order of June 19, 1996.

We conclude Mr. Burns' argument that Mr. Gray improperly submitted his deposition testimony when he did not have access to the deposition is without merit. There is no statutory requirement that the government provide a litigant proceeding in forma pauperis with a copy of his deposition transcript. See 28 U.S.C. § 1915; Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). Mr. Burns did not request, and the district court did not order, that Mr. Gray provide Mr. Burns with a copy of the deposition transcript. Even if Mr. Burns had had a copy of the deposition, the outcome of the case would have been the same, since the district court did not need to consider the submitted portions of Mr. Burns' deposition in rendering its decision. Also, Mr. Burns' contention that the deposition was taken in a manner to aggravate, embarrass or harass him is conclusory and unsupported.

Contrary to Mr. Burns' argument, no motions were filed on Mr. Gray's behalf by an attorney who was not an attorney of record. The district court's docket sheet shows that Chris J. Collins was an attorney of record at all times.

Mr. Burns attaches exhibits to his opening brief on appeal which were not presented to the district court. We do not review evidence not presented to the

district court.  See Aero-Medical, Inc. v. United States, 23 F.3d 328, 329 n.2 (10th Cir. 1994).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge