59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Blaz SANCHEZ, Petitioner-Appellant,
v.
Duane SHILLINGER, Warden, Wyoming State Penitentiary; and
the Attorney General of the State of Wyoming,
Respondents-Appellees.
 No. 94-8060.
 D.C. No. 94-CV-17-B
 United States Court of Appeals, Tenth Circuit.
 June 21, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from an order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 and granting respondents' motion for summary judgment. Due to new law in this circuit, we remand for further proceedings.
 
 
 3
 Petitioner was convicted of first degree sexual assault in Wyoming state court. With different counsel, he appealed to the Wyoming Supreme Court, and the conviction was affirmed, Sanchez v. State, 751 P.2d 1300 (Wyo.1988). Subsequently, petitioner filed a petition for post-conviction relief in state court alleging, among other things, that both his trial and appellate counsel were ineffective. Petitioner alleged his appellate counsel was ineffective because counsel failed to raise the claim of ineffective assistance of trial counsel in his direct criminal appeal. The state court determined the allegation of ineffective assistance of trial counsel was procedurally barred because petitioner had not raised it in his direct criminal appeal. The state court denied relief on the ineffective assistance of appellate counsel claim on its merits, finding it vague and conclusory. The Wyoming Supreme Court denied review.
 
 
 4
 Thereafter, petitioner commenced this habeas corpus action in federal district court continuing to allege ineffective assistance of trial and appellate counsel. Granting respondents' motion for summary judgment and denying habeas corpus relief, the district court determined that the ineffective assistance of trial counsel claim was procedurally barred from review and the ineffective assistance of appellate counsel claim was meritless. This appeal followed.
 
 
 5
 Petitioner argues that he "is not procedurally barred from collaterally attacking in the federal court the right to effective assistance of trial counsel where he was denied effective assistance of appellate counsel due to appellate counsel's failure to raise the issue on direct appeal in the state court." Appellant's Br. at 9. We agree that the ineffective assistance of trial counsel claim is not procedurally barred. In Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir.1994), cert. denied, No. 94-8922, 1995 WL 251885 (U.S. June 12, 1995), this court held that a failure to raise a claim of ineffective assistance of trial counsel on direct appeal will not preclude federal habeas corpus review of the claim. Because the district court did not have the benefit of Brecheen when it rendered its decision, we remand to permit the district court to review the ineffective assistance of trial counsel claim on the merits and to reconsider its determination of the ineffective assistance of appellate counsel claim.
 
 
 6
 The judgment of the United States District Court for the District of Wyoming is VACATED, and the action is REMANDED for further proceedings in accordance with Brecheen. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470