**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOSEPH BLAZ SANCHEZ,

      Petitioner-Appellant,

v.

DUANE SHILLINGER, Warden,
Wyoming Department of Corrections
State Penitentiary; ATTORNEY
GENERAL OF THE STATE OF
WYOMING,

      Respondents-Appellees.

No. 96-8038
(D.C. No. 94-CV-017-B)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals from the district court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

Petitioner was convicted of first degree sexual assault in Wyoming state court. With different counsel, he appealed to the Wyoming Supreme Court. That court affirmed the conviction. See Sanchez v. State, 751 P.2d 1300, 1309 (Wyo. 1988). Thereafter, petitioner filed for state post-conviction relief alleging, among other things, ineffective assistance of trial and appellate counsel. The state court (1) ruled that the claim of ineffective assistance of trial counsel should have been raised on his direct appeal and therefore was procedurally barred and (2) denied the claim of ineffective assistance of appellate counsel on the merits, finding it vague and conclusory. The Wyoming Supreme Court denied petitioner's petition for a writ of review.

Subsequently, petitioner sought habeas corpus relief in federal district court, raising the ineffective assistance of counsel claims. The district court determined the ineffective assistance of trial counsel claim was procedurally barred and the ineffective assistance of appellate counsel claim was meritless. Petitioner appealed. This court reversed and remanded, concluding the ineffective assistance of trial counsel claim was not procedurally barred because "a failure to raise a claim of ineffective assistance of trial counsel on direct appeal will not prevent federal habeas corpus review of the claim." Sanchez v.

Shillinger, 59 F.3d 179, 1995 WL 368299, at **1 (10th Cir. 1995) (citing

Breechen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994), and recognizing

district court did not have benefit of Breechen at time it rendered its decision)

(table).  Also, this court directed that the district court reconsider the ineffective

assistance of appellate counsel claim on remand.  See id.  Upon remand and after

considering the merits of the claims, the magistrate judge issued a report and

recommendation recommending dismissal of the petition.  The district court

adopted the magistrate judge's report and dismissed the petition with prejudice.[1]

Petitioner continues to argue on appeal that his trial counsel was ineffective

at both trial and sentencing because he (1) failed to interview petitioner before

trial; (2) failed to obtain a transcript of the preliminary hearing; (3) failed to

---

[1]     Petitioner filed his notice of appeal on April 29, 1996, and the district court granted a certificate of probable cause on May 10, 1996.  The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, provides, however, that an appeal may not be taken to the court of appeals from a district court's ruling on a § 2254 petition unless a "circuit justice or judge" issues a "certificate of appealability," determining the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1), (2).  The district court, which has authority to issue certificates of appealability, see Houchin v. Zavaras, 107 F.3d 1465, 1469 (10th Cir. 1997), should have applied § 2253 as amended by the Act.  Because the standard for obtaining a certificate of appealability under the Act and the standard for obtaining a certificate of probable cause under the law as it existed before enactment of the Act are the same, see Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), we conclude the district court in effect granted a certificate of appealability.  Thus, we consider this appeal on its merits.

interview certain witnesses; (4) failed to interview the victim until three weeks before trial and then did so in the presence of the district attorney; (5) failed to request an instruction on a lesser included offense; (6) failed to obtain, review, and investigate the contents of the presentence report prior to the day of the sentencing hearing; (7) failed to object to improper questions by the prosecutor at sentencing; (8) failed to pursue pre-trial motions to suppress or dismiss based upon statements obtained as the result of his illegal arrest and upon failure to conduct a medical examination of the victim; and (9) played the tape of the interview of the victim to the jury. Petitioner contends that these alleged deficiencies were not tactical decisions made by counsel as part of a strategic plan and that there is a reasonable probability that the evidence would have supported a conviction of a lesser degree of sexual assault. Petitioner further asserts that the sentencing decision might have been different if psychiatric testimony had been presented and the improper sentencing consideration of the probation officer had been kept out of the sentencing hearing. Petitioner also continues to argue on appeal that his appellate counsel was ineffective for failing to raise an issue of ineffective trial counsel on appeal.

We review claims of ineffective assistance of counsel de novo. See Hoxsie v. Kerby, 108 F.3d 1239, 1245 (10th Cir. 1997). After reviewing the briefs, the magistrate judge's report and recommendation, the district court's order, the

-4-

district court record, and relevant case law, we agree with the district court's denial of habeas corpus relief for substantially the same reasons stated by the magistrate judge's report and recommendation filed March 6, 1996, and the district court's order entered on the docket April 2, 1996. Specifically, we note that many of petitioner's conclusory allegations are contradicted by the record and none of them meet the Strickland v. Washington, 466 U.S. 668, 687 (1984), standards requiring proof that his trial counsel's conduct was deficient and that any deficient conduct prejudiced his defense. We also note that petitioner's appellate counsel raised four issues on direct criminal appeal, see Sanchez, 751 P.2d at 1301, 1303-09, and clearly exhibited professional efforts to raise the best issues.

Petitioner also argues that the district court erred in failing to determine whether an evidentiary hearing was required. Although the district court determined that his allegations were conclusory, petitioner believes that he could prove his allegations if he was afforded an evidentiary hearing. To be entitled to an evidentiary hearing, petitioner must allege facts which if proven would entitle him to relief. See Hatch v. Oklahoma, 58 F.3d 1447, 1471 (10th Cir. 1995). "[T]he allegations must be specific and particularized, not general or conclusory." Id. We agree with the district court that the majority of petitioner's allegations are conclusory and the remainder are contradicted by the record. Because

-5-

petitioner did not assert any facts which if proven would have established he received ineffective assistance of counsel, the district court therefore did not err in failing to hold an evidentiary hearing.

Petitioner finally argues that a less deferential standard of appellate review should be applied to factual determinations based on documentary evidence rather than on live testimony. "This court has held that findings by a district court and magistrate based merely upon their review of the state record are . . . subject to this court's independent review of the record . . . ." Cunningham v. Diesslin, 92 F.3d 1054, 1062 n.6 (10th Cir. 1996). We have reviewed the record in this case, and we conclude the district court did not err in determining petitioner is not entitled to habeas corpus relief.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED. Petitioner's request in his reply brief for appointment of counsel is DENIED. Petitioner's motion to enlarge the record to include the state court trial and sentencing transcripts, which were a part of the district court record and which were reviewed by the district court, is GRANTED. Respondents' motion to strike portions of petitioner's reply brief and appendices is GRANTED to the extent petitioner is attempting to raise new issues in his reply brief and submit exhibits not before the district court. See Aero-Medical, Inc. v.

<u>United States</u>, 23 F.3d 328, 329 n.2 (10th Cir. 1994) (court of appeals will not review evidence not before district court).  The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge