**AERO–MEDICAL, INC., an Oklahoma corporation, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 93–6221.

United States Court of Appeals, Tenth Circuit.

May 2, 1994.

Stan Twardy, Oklahoma City, OK, for plaintiff-appellant.

John E. Green, U.S. Atty., Mary M. Smith, Asst. U.S. Atty., Oklahoma City, OK, for defendant-appellee.

Before MOORE and KELLY, Circuit Judges, and BRIMMER,* District Judge.

PAUL KELLY, Jr., Circuit Judge.

█ On January 10, 1992, a 1966 Beechcraft Bonanza airplane was seized by the Drug Enforcement Administration of the United States Department of Justice (DEA) in conjunction with the arrest the same day, in Oklahoma City, Oklahoma, of Dr. David L. Trent on charges of unlawful distribution of controlled substances by licensed practitioners in violation of 21 U.S.C. §§ 841, 842, and 843.[1] The DEA alleged that Dr. Trent used the airplane in furtherance of his illegal activities.[2]

Following seizure of the airplane, it was ascertained by the DEA that the airplane was registered in the name of plaintiff-appellant Aero–Medical, Incorporated. Plaintiff claims that in late 1990, prior to Dr. Trent's military tour in the Persian Gulf conflict, he transferred ownership of the airplane to plaintiff in satisfaction of a $24,000.00 debt owed by Dr. Trent to plaintiff. Plaintiff was incorporated for the sole purpose of operating Dr. Trent's medical office which he closed when he was recalled to active duty by the military. Dr. Trent had not reopened his office at the time of his arrest.

Although the DEA knew that plaintiff no longer conducted business at the address listed with the Federal Aviation Administration, 1412 W. Robinson, Oklahoma City, Oklahoma, and had knowledge of the identity and location of plaintiff's registered agent for service, Richard Berger, it sent a statutorily correct notice of seizure and pending forfeiture to that address. The notice was returned with the advisement that plaintiff had moved and left no forwarding address. The DEA also sent notice by certified mail to Dr. Trent's home address. This notice was returned as unclaimed. Plaintiff claims that Dr. Trent had a fire at his home and was residing elsewhere while the house was being repaired. The DEA did not send notice to Mr. Berger, or contact him in an attempt to ascertain a current address for plaintiff. At this point, the DEA published notice of the pending forfeiture for three consecutive weeks in *USA Today*. When plaintiff failed to avail itself of its statutory remedies, the airplane was administratively forfeited and offered for sale.

On October 5, 1992, after learning of the October 7, 1992 pending sale of the airplane through a trade periodical, plaintiff filed a complaint claiming inadequate notice of forfeiture, and requesting the district court enter a temporary restraining order enjoining the DEA from disposing of the airplane in a forfeiture procedure. Following a hearing, the district court denied plaintiff's request for a restraining order and the sale of the airplane went forward. The district court ordered the DEA to hold the proceeds of the sale pending a decision on plaintiff's claim of inadequate notice. Plaintiff then filed an amended complaint, and requested that the court order the proceeds of the sale of the airplane be turned over to plaintiff, claiming that the DEA failed to give adequate notice of the pending forfeiture procedure, and that it was entitled to "innocent owner" status

---

* Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Plaintiff's appendix contains an Order of Dismissal issued May 5, 1993, dismissing the criminal case against Dr. Trent on motion of the government. The DEA has filed a motion with this court requesting that this item in plaintiff's appendix be stricken as not presented before the district court. Because the document was not

before the district court, we grant the DEA's motion to strike. *See Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 226–27 (10th Cir.) (documents not received into evidence by the district court will not be reviewed on appeal), *cert. denied*, 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976). We note, however, that Dr. Trent is not a party to this appeal, and the status of the criminal case against Dr. Trent has no bearing on the issue decided in this appeal. *See United States v. One 1987 Jeep Wrangler Auto.*, 972 F.2d 472, 476 (2d Cir.1992) (the government can proceed with a civil forfeiture even if it does not prove that the property owner committed a crime).

under 21 U.S.C. § 881(a)(6).[3]

The court found that Dr. Trent and plaintiff had actual notice of the seizure of the airplane several months before the airplane was forfeited and sold, and determined that the notice provided to plaintiff was constitutionally sufficient and dismissed plaintiff's complaint with prejudice for lack of jurisdiction without reaching the merits of plaintiff's claim of innocent owner status. The court held that because plaintiff had received adequate notice and failed to avail itself of its statutory remedies, it was without jurisdiction to decide plaintiff's claims.

Although plaintiff argues several issues on appeal, the issue of concern to this court is the adequacy of notice to plaintiff of the seizure and pending forfeiture of the airplane. Because we dispose of this appeal on plaintiff's notice issue, we do not address the remaining arguments.

■ The statute governing notice requirements for administrative forfeitures, 19 U.S.C. § 1607(a), provides in pertinent part:

[T]he appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article.

There appears to be no dispute that the government sent the appropriate notice with all the required information to plaintiff's last known address. *See* Appellee's Supp.App. at 57. Neither is the propriety of the notice by publication in *USA Today* challenged.

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court held that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. at 657. The record indicates that the DEA was aware that notice sent to plaintiff would be ineffective. *See* Appellee's Supp.App. at 34, 42–43.

■ The DEA investigator, David Friday, admitted during testimony that the DEA knew in January 1992, when the airplane was seized, that neither Dr. Trent nor plaintiff was using the Robinson Street address as a business address. *Id.* at 35. This was before the DEA attempted to effect notice by mailing to that address. *See Sarit v. United States DEA*, 987 F.2d 10, 14 (1st Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993) (holding that knowledge of the success or failure of notice is measured from the time that notice is actually sent). It is unreasonable for the government to ignore information in its possession and deliberately mail notice to an invalid address. *See Robinson v. Hanrahan*, 409 U.S. 38, 40, 93 S.Ct. 30, 31–32, 34 L.Ed.2d 47 (1972) (per curiam) (holding that mailing to address which was known to be invalid did not provide notice which was reasonably calculated to notify party of pending forfeiture); *Montgomery v. Scott*, 802 F.Supp. 930, 936 (W.D.N.Y.1992) (holding that it is unreasonable for government to ignore knowledge that method of notice will be inadequate).

The DEA was not only aware that the Robinson Street address was not a current business address for plaintiff, but was also aware of the identity of plaintiff's registered agent. Plaintiff's current address was easily ascertainable, not requiring extra inquiry, in-

---

**3.** Section 881(a)(6) provides:
The following shall be subject to forfeiture to the United States and no property right shall exist in them:
. . . .
(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of [21 U.S.C. §§ 801–904], all proceeds tracea-

ble to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

vestigation, or effort, and an additional notice attempt would not have placed an undue burden on the DEA. *See, e.g., Schroeder v. City of New York,* 371 U.S. 208, 212–13, 83 S.Ct. 279, 282–83, 9 L.Ed.2d 255 (1962) (holding that publication and posting of notice of condemnation were inadequate when the landowner's name and address were easily ascertainable from public records).

While acknowledging that the government is not charged with the duty to employ extraordinary means to notify an interested party, we conclude it was unacceptable for the DEA to rely upon notice by publication while failing to use the information it possessed from the beginning of the forfeiture process to notify plaintiff. *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1993) (due process requires that the government send notice by means certain to effect actual notice); *see also Gutt v. United States,* 641 F.Supp. 603, 606 (W.D.Va.1986) (holding that notice sent to claimant at known invalid address insufficient when government knew that claimant was represented by counsel). Although, as the district court found, plaintiff may have known that the airplane had been seized, this would not necessarily place it on notice that forfeiture was imminent, or advise it of the statutory remedies available.

In a recent decision, *United States v. 51 Pieces of Real Property,* 17 F.3d 1306 (10th Cir.1994), this court held that the question of "[w]hether the government employed means reasonably calculated to provide [the claimant] actual notice is a question of fact" which is reviewed for clear error. *Id.* at 1316. In *51 Pieces of Real Property,* the government sent notice of forfeiture proceedings to claimant Nitsua Management in care of a third party, James Gasper, at an address in LaJolla, California. *Id.* at 1316–17. The notice was returned unclaimed. The government was aware that claimant and Mr. Gasper were no longer associated. However, notice was also sent to Donald Austin, found by the court to be Nitsua's alter ego. This court opined that had notice been sent only to Mr. Gasper, it would have been inclined to find that this notice was not reasonably calculated to reach Nitsua. *Id.* However, because notice was also sent to Mr. Austin through his defense attorney, and because the finding that Mr. Austin was Nitsua's alter ego was unchallenged, this notice was reasonably calculated to inform Nitsua of the forfeiture proceedings. *Id.*

In this case, the government did not attempt to notify Dr. Trent or plaintiff through Dr. Trent's defense counsel or plaintiff's registered agent for service. Also because there was no finding of an alter ego relationship between plaintiff and Dr. Trent, notice to Dr. Trent, either personally or through defense counsel, would not necessarily have been reasonably calculated to reach plaintiff. Therefore, the holding in *51 Pieces* does not affect the outcome here.

The goal of the law is to allow forfeiture of the profits and instruments of drug crimes while protecting innocent owners of such property. "Due process protections ought to be diligently enforced, and by no means relaxed, where a party seeks the traditionally disfavored remedy of forfeiture." *United States v. Borromeo,* 945 F.2d 750, 752 (4th Cir.1991). Considering the serious nature of forfeitures and the tendency to view them with disfavor, the DEA's actions under these circumstances cannot be sanctioned. To do so would contravene the "letter and spirit of the law." *United States v. One 1936 Model Ford V–8 DeLuxe Coach,* 307 U.S. 219, 226, 59 S.Ct. 861, 864–65, 83 L.Ed. 1249 (1939).

Therefore, the judgment of the United States District Court for the Western District of Oklahoma dismissing plaintiff's claims against the government is REVERSED. The case is REMANDED with instructions to vacate the DEA administrative forfeiture. This action is without prejudice to the government commencing another administrative forfeiture proceeding within the requirements of the law.

As our resolution of this appeal is independent of the Order of Dismissal in Case M–92–011–H, item number 7 in plaintiff's appendix, and because this document was not be-

fore the district court, the DEA's motion to strike this document is GRANTED.

---

* Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.