56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Blaz SANCHEZ, Plaintiff-Appellant,
v.
Duane SHILLINGER, Wyoming Department of Corrections, and the
Superintendent of the Wyoming State Hospital,
Defendants-Appellees.
 No. 94-8051.
(D.C. No. 92-CV-74)
 United States Court of Appeals, Tenth Circuit.
 May 30, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BRORBY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an order of the district court granting defendants' motion for summary judgment and dismissing his civil rights complaint with prejudice. In his complaint, plaintiff alleged defendants failed to provide him with mental health treatment as ordered by a state district court judge as part of his judgment and sentence. Plaintiff claimed that failure to provide the treatment constituted deliberate indifference to his mental health needs. Additionally, plaintiff alleged the Wyoming State Penitentiary lacked facilities and staff to treat his mental health needs, and failure to provide the facilities and staff also constituted deliberate indifference to his mental health needs. In granting summary judgment, the district court determined (1) plaintiff may not assert claims against the Department of Corrections or the individual defendants in their official capacities under 42 U.S.C.1983; (2) the Eleventh Amendment bars plaintiff's suit against the State, its agencies, and the individual defendants acting in their official capacities; (3) the statute of limitations bars plaintiff's action; (4) plaintiff's claims against the superintendent of the state hospital must be dismissed; (5) plaintiff failed to present a constitutional claim based upon the state court's sentencing order; (6) the undisputed facts do not support an Eighth Amendment claim; and (7) defendants are protected from liability by qualified immunity.
 
 
 3
 On appeal, plaintiff alleges the district court erred in (1) granting summary judgment; (2) not allowing him to present evidence through an expert witness that the state court judgment was not complied with, see Fed.R.Civ.P. 56(f); (3) determining the statute of limitations tolled his case; and (4) determining defendants are entitled to qualified immunity or Eleventh Amendment protection. We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994).
 
 
 4
 After reviewing the briefs, record on appeal, and relevant case law, we conclude the district court correctly granted summary judgment. Accordingly, the judgment of the United States District Court for the District of Wyoming is AFFIRMED for substantially the reasons stated in its order of May 13, 1994. Plaintiff's motion to supplement the record is DENIED. See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n. 1 (10th Cir.1992)(refusing to review document not before district court). Defendants' motion to strike exhibits 1-5 to plaintiff's reply brief is GRANTED only as to exhibits 1-4 and DENIED as to exhibit 5. Cf. Aero-Medical, Inc. v. United States, 23 F.3d 328, 329 n. 2 (10th Cir.1994)(striking document in appendix not before district court).[2] Plaintiff's motion to strike defendants' brief is DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Even if we considered the documents not before the district court, we would still reach the same result on appeal