UNITED STATES COURT OF APPEALS

**Filed 1/7/97**

FOR THE TENTH CIRCUIT

SONIC RESTAURANTS, INC.,

      Plaintiff-Appellee,

v.

MANFRED KRUGER; CHRISTINA
KRUGER,

      Defendants-Appellants.

No. 96-6193
(D.C. No. CIV-95-796)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants Manfred and Christina Kruger appeal from the entry of summary judgment holding them in breach of the parties' "Termination of Independent Contractor Services and Release of Claims" (termination agreement), awarding plaintiff Sonic Restaurants, Inc. (Sonic) compensatory damages, and enjoining future violations of the termination agreement. The district court relied on a lengthy list of undisputed facts to uphold the validity of the termination agreement, determine defendants' breach thereof, and grant appropriate relief. Upon de novo review, Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996), we affirm for substantially the reasons stated in the district court's orders of March 22 and May 29, 1996.

Most of the objections broadly stated in defendants' appellate brief "lack even rudimentary substantiation in factual argument and legal authority." Washington v. Department of Transp., 84 F.3d 1222, 1223 (10th Cir. 1996). We shall therefore limit our discussion to the "discernible questions" raised regarding lack of consideration, execution of the agreement under duress, and procedural error on summary judgment. See id.

Defendants contend they were entitled to keep $15,000 in advances made before the parties severed their relationship and, hence, plaintiff's "forgiveness" of this outstanding "debt" in the termination agreement did not constitute valid consideration. This argument rests on an insupportable premise. The $15,000

had been a matter of dispute between the parties--a dispute acknowledged and settled by the very agreement defendants now attack by reassuming their adversarial pre-agreement position. Countenancing such a challenge, by which defendants seek to nullify a negotiated compromise essentially by reneging on it, would effectively destabilize any agreement intended to settle disputed obligations. Further, and in any event, defendants do not adequately support their underlying position regarding the $15,000 with evidence, argument, and legal authority.

Defendants also attack the termination agreement on the ground that Manfred Kruger was under extreme duress at the time of its execution. However, defendants fail to cite any evidence in the record to substantiate this conclusory claim. Their reference to an affidavit executed months after the district court's decision is patently improper, see Aero-Medical, Inc. v. United States, 23 F.3d 328, 329 n.2 (10th Cir. 1994); Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n.1 (10th Cir. 1992), and we will not sift through the record searching for other, competent evidence to bolster their unsupported assertions of error, see Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1540 n.3 (10th Cir.), cert. denied, 117 S. Ct. 297 (1996).

Finally, defendants contend that the district court improperly adopted plaintiff's statement of undisputed facts. However, all we are told is that the

seventeen facts in question "are contradicted by the Defendants' evidence filed in motions and 180 exhibits of evidence, like W-2's and payroll check stubs; statements of witnesses and other documents relating to the employee status of Manfred Kruger; relating to the circumstances of the signing of the Termination Agreement of May 2, 199[5]; and the overall deception of [Sonic] with this Termination Agreement and in this Termination Agreement of May 2, 1995." Appellants' Opening Brief at 11. This catch-all record reference is plainly inadequate from a procedural/evidentiary standpoint, see S.E.C. v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992), and, more fundamentally, fails to provide this court with specific, reasoned challenges to the various material facts relied on by the district court. The only particular fact implicated by the reference concerns Manfred Kruger's employment status, which actually was never determined in--indeed, was irrelevant to--the district court's disposition. Rather, the court merely recited the undeniable facts that defendants (1) conceded Mr. Kruger's status as an independent contractor in the termination agreement, and (2) later took action contrary to this concession. To the extent defendants seek to attack the termination agreement by recanting this concession and resurrecting the employment-status dispute, they run afoul of the same principle discussed above in connection with the advances. One may not nullify an otherwise proper settlement by rearguing the merits of claims expressly resolved therein.

We have considered all of defendants' arguments and, whether explicitly addressed or tacitly rejected, each has been found to lack merit. Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Defendants' motion to supplement the record is denied. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge