**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**APR 4 1997**

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

ROBERT E. GROSS, by and on behalf
of himself and The Bob Gross Family
Limited Partnership, Robert E. Gross,
General Partner,

       Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No. 96-1351
(D.C. No. 96-S-392)
(D. Colo.)

ORDER AND JUDGMENT*

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,** District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Robert E. Gross appeals the district court's dismissal of his quiet title action against the United States. He brought the suit pro se, on his own behalf and on behalf of the Bob Gross Family Limited Partnership, challenging a tax lien recorded by the Internal Revenue Service against certain real property in Colorado. The property had been conveyed in 1991 from Donna Bushnell to the Regent Family Limited Partnership. The IRS tax lien was recorded against the property in 1992. In 1995, a second deed was recorded, purporting to correct the 1991 deed; in it Donna Bushnell reconveyed the property to the Bob Gross Family Limited Partnership. The deed acknowledged that the Regent Family Limited Partnership was not an entity in existence at the time of the first deed.

The district court, adopting the report and recommendation of the magistrate judge, and addressing appellant's objections thereto, dismissed the suit based on its conclusions that appellant lacked standing to bring the suit, both as an individual and on behalf of the Bob Gross Family Limited Partnership. The court also denied appellant's request for leave to amend his complaint to add a claim regarding the United States' tax lien, ruling that appellant lacked standing to challenge the lien. Alternatively, the district court held that the complaint failed to state a valid quiet title claim. In light of this alternative holding, the court also denied appellant's request for additional time to obtain counsel.

On appeal, appellant contends that the IRS lien is invalid due to alleged violations in the applicable notice provisions. Further, he contends that the district court erred in concluding that his complaint failed to state a valid quiet title claim. Appellee counters that the district court correctly dismissed the case due to appellant's lack of standing and lack of ability to represent the limited partnership and notes that appellant did not address these issues. Appellee further argues that the complaint failed to state a valid cause of action. On reply, appellant states that the district court abused its discretion in denying him the opportunity to obtain an attorney, again challenges the district court's ruling that the complaint failed to state a claim, and requests leave to supplement the record. Appellee has moved to strike the proffered additions to the record and any discussion thereof in the reply brief.

Generally, we would review the district court's rulings on standing de novo. See Committee to Save the Rio Hondo v. Lucero, 102 F.3d 445, 447 n.5 (10th Cir. 1996). However, appellant failed to address these issues in either his opening brief or his reply brief. Therefore, even under the liberal standards afforded pro se litigants, see United States v. Edwards, 69 F.3d 419, 427 (10th Cir. 1995), cert. denied, 116 S. Ct. 2497 (1996), he has waived those issues, see State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Accordingly, we affirm the district court's dismissal of appellant's complaint.

Appellant argues that the district court abused its discretion in failing to grant him additional time to obtain an attorney, based on his contentions that his complaint did state a valid claim for relief. After careful review of the parties' briefs, the record on appeal, and the applicable law, we conclude that the district court correctly ruled that the facts alleged in appellant's complaint, together with the applicable law, failed to state a valid claim.[1] Accordingly, the district court did not abuse its discretion in denying appellant's request. For substantially the reasons stated in the court's order dated June 2, 1996, and in the magistrate's report and recommendation, dated April 23, 1996, the judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Robin J. Cauthron
District Judge

---

[1] We grant appellee's motion to strike the proposed additions to the record on appeal. The two documents appellant proffers were not presented to the district court and, in any case, do not support the propositions for which they are offered. See Aero-Medical, Inc. v. United States, 23 F.3d 328, 329 n.2 (10th Cir. 1994).