**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHARLES R. POWELL,

      Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE, and WILLIAM J.
HENDERSON, Postmaster General,

      Defendants-Appellees.

No. 98-2178
(D.C. No. CIV-97-721-M)
(D. N.M.)

---

## ORDER AND JUDGMENT [*]

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

Plaintiff Charles R. Powell appeals from an order of the district court granting defendants' motion for summary judgment in this action brought pursuant to Title VII, 42 U.S.C. §§ 2000e-2000e-17. [1] We reverse and remand.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Powell originally filed charges of race and age discrimination and retaliation with the EEOC in 1993. An administrative law judge determined that defendants had not discriminated against Mr. Powell, but recommended a finding of retaliation. In 1995, Mr. Powell commenced an action in federal district court to enforce the EEOC determination. The parties entered into a settlement agreement in 1996 which was signed by Mr. Powell and his attorney. Mr. Powell then withdrew his suit. The agreement provided that Mr. Powell would be promoted retroactively to 1993, would receive (1) back pay, including shift differential and any other pay increases, due between 1993 and 1996; (2) interest on those unpaid wages; (3) calculated overtime; (4) credit for used sick leave; and (5) $15,000.00 in compensatory damages, as well as attorney's fees. The agreement also stated that defendants would not retaliate against Mr. Powell in any manner for filing his EEOC action, the 1995 civil action seeking enforcement of the agency's determination, or for signing the agreement.

After the agreement was signed, Mr. Powell contested his scheduled days off, an issue which had not been made a part of the settlement agreement. Defendants had originally scheduled him to have consecutive days off during the week. Mr. Powell preferred to be off on weekends. Defendants then scheduled Mr. Powell with Saturday and Monday off, as had been stated in a letter sent by defendants during the settlement negotiations. See Rec., tab 19, Ex. 6 & Ex. B

at 2. Over a year later, Mr. Powell argued that defendants had made a mistake in that letter and had actually accepted his proposal of Friday and Saturday as days off. See id. tab. 20, enc. K.

In 1998, Mr. Powell commenced this action in district court. Mr. Powell claimed defendants were discriminating against him on the basis of race and were retaliating against him as evidenced by his assignment of days off. The district court held that Mr. Powell had failed to make a prima facie case of discrimination or retaliation as he had instigated all changes in his schedule. Further, consecutive days off were not a part of the negotiated terms of the settlement agreement.

We review the district court's ruling on a motion for summary judgment de novo, examining "the record to determine whether any genuine issue of material fact was in dispute" and if "the substantive law was applied correctly." McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998) (quotation omitted).

The plaintiff in a Title VII case "bears the initial burden of setting forth a prima facie case of discrimination." Sanchez v. Denver Pub. Sch., 164 F.3d 527, 531 (10th Cir. 1998). Tailoring the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) scheme to fit the facts of this disparate treatment case, Mr. Powell can establish a prima facie case of discrimination by showing that as a

member of a protected class, he suffered an adverse employment action and similarly situated nonminority employees were not subjected to the same action he was. Cf. EEOC v. Flasher Co., 986 F.2d 1312, 1316 (10th Cir. 1992).

To establish a prima facie case of retaliation, Mr. Powell must show: 1) he had opposed Title VII discrimination; 2) he suffered an adverse employment action; and 3) a causal connection exists between his protected Title VII activity and the adverse employment action. See Gunnell v. Utah Valley State College, 152 F.3d 1253, 1262-63 (10th Cir. 1998). "The burden of persuading the factfinder that the defendant intentionally discriminated remains at all times with the plaintiff . . . and the plaintiff must prove that the defendant's action was intentionally retaliatory." Id. at 1263.

Mr. Powell was originally assigned consecutive days off during the week. He objected to having his days off scheduled mid-week and requested weekends off instead. Only after he specifically requested weekends off was he given nonconsecutive days off as originally proposed by defendants. Mr. Powell had not objected when these days were first proposed. Under these facts, Mr. Powell did not made a prima facie case of discrimination or retaliation concerning the manner in which the settlement agreement was executed.

However, Mr. Powell has submitted a letter to this court that appears to be defendants' response to his renewed request for consecutive weekend days off.

4

Defendants denied the request stating that "until your pending lawsuit is settled this change [is] not possible." Letter of November 6, 1998. [2] This response, considered along with the other evidence of record, raises concerns that defendants may now be retaliating against Mr. Powell. We note that defendants have previously been found to have retaliated against Mr. Powell and were unwilling to settle that claim. See Rec. tab. 20, enc. E. (correspondence from magistrate judge noting that defendants were "unwilling to enter into a reasonable settlement" after the agency had found retaliation and that defendants' position was "very difficult to understand in light of the rather clear liability in this cause"). Mr. Powell has also stated that he is the only Black American working in the Albuquerque Human Resources department, is the only person who has filed an EEOC complaint, and is the only person working in his position who has nonconsecutive days off.

Retaliatory motive can be shown by "protected conduct closely followed by adverse action." Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir. 1982). It appears that Mr. Powell may be able to make the required showing here. Therefore, in the interests of justice, we must remand this case to permit the district court to determine whether Mr. Powell has sufficient evidence to present a

---

[2] We note that this letter was sent after the district court entered judgment in the pending action and while Mr. Powell's appeal was pending before this court.

prima facie case that  defendants are retaliating against him for bringing this current action.  Should the district court determine that Mr. Powell can present such a prima facie case,  defendants must then articulate a legitimate business reason to show a nondiscriminatory motive for refusing to reconsider Mr. Powell's schedule while this suit is pending.

The district court's judgment is REVERSED and this case is REMANDED for further proceedings in accordance with this order and judgment.  Mr. Powell's motion to supplement the record is GRANTED insofar as we recognize that Mr. Powell has additional evidence that should be considered by the district court. See Aero-Medical, Inc. v. United States, 23 F.3d 328, 329 n.2 (10th Cir. 1994). The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

6