F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 31 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBERT DEHERRERA,

       Plaintiff-Appellant,

v.

ROY KROPINAK, Dr., Medical
Doctor, Santa Fe County Detention
Center, in his individual and official
capacity,

       Defendant-Appellee.

No. 00-2112
(D.C. No. CIV-99-215-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert DeHerrera, a prisoner in the United States Penitentiary in Atlanta, Georgia, appeals the district court's grant of summary judgment to defendant Dr. Roy Kropinak on plaintiff's § 1983 claim for violation of his Eighth Amendment constitutional right to adequate medical treatment. After our de novo review of the parties' briefs, the analysis of the district court, and the record on appeal, we affirm.

As an initial matter, we considered whether we had jurisdiction over this appeal in view of the fact that Mr. DeHerrera did not file objections to the report and recommendation of the magistrate judge. This circuit has adopted a firm waiver rule under which a party who fails to make timely objection to the magistrate's findings and recommendations waives appellate review of both factual and legal questions. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule does not apply, however, when the interests of justice dictate otherwise. *Id.*

The district court dismissed this action on March 10, 2000. Mr. DeHerrera contends that he did not receive a copy of the magistrate judge's report and recommendation until April 4. In support of this assertion, Mr. DeHerrera attached to his brief copies of (1) an envelope from the district court which is postmarked February 15 and bears a note indicating it was delivered to the

plaintiff on April 4 and (2) a declaration of a corrections official that, on April 4, he delivered mail from the district court to the plaintiff.

Ordinarily, this court will not consider documents not before the district court, *Aero-Medical, Inc. v. United States*, 23 F.3d 328, 329 n.2 (10th Cir. 1994), and defendant has moved to strike the copies of the envelope and the declaration on that basis. Here, however, even without the additional documentary evidence, we have the statement of the district judge acknowledging that "[j]udging from the Court's docket in this case, Plaintiff most likely did not receive a copy of the Magistrate Judge's Findings." R. Vol. I, doc. 47 at 2 (Order Denying Plaintiff's Motion for Reconsideration). Under these circumstances, we find that the interests of justice would not be served by strict adherence to the waiver rule. *See Moore*, 950 F.2d at 659. We therefore turn to the merits of this appeal.

Our review of the grant of summary judgment is de novo, and we apply the same standards as those applied by the district court. *Craig v. Eberly*, 164 F.3d 490, 493 (10th Cir. 1998). Thus, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Mr. DeHerrera was injured in an altercation with prison personnel. He originally named several other defendants in this suit, but Dr. Kropinak is the only remaining defendant. We will therefore examine the facts to determine what Dr. Kropinak knew regarding plaintiff's situation, when he knew it, and what he did about it.

The first report of plaintiff's complaint regarding leg pain occurred on either March 13 or March 14, 1997. The first reference to Dr. Kropinak is on March 15 when he was called "for orders" and approved Mr. DeHerrera's transportation to Santa Fe Imaging for X-rays. Appellee's Supp. App. at 19. By the time Mr. DeHerrera arrived at Santa Fe Imaging, however, the facility was closed. *Id.* at 20. There is no evidence that defendant was immediately informed of this fact, although by the time he examined plaintiff on March 17 he understood that Mr. DeHerrera had yet to be X-rayed. *See id.* at 27 (March 17 notation on chart from Dr. Kropinak that " *evidently* x-ray closed by the time pt. got there") (emphasis added).

After the initial phone call to Dr. Kropinak, plaintiff was given Motrin and issued a wheelchair. On March 17, Mr. DeHerrera had X-rays which revealed two fractures in his lower left leg. Upon receipt of that information, Dr. Kropinak prohibited plaintiff from walking, required a wheelchair or crutches until plaintiff could be evaluated by an orthopedist, increased the dosage of Motrin, and ordered

-4-

that an appointment with an orthopedist be set up for plaintiff. *Id.* at 27. Two days later, Mr. DeHerrera was seen by an orthopedist who put him in a long leg bent knee cast. In October, Mr. DeHerrera underwent surgery for nonunion of the left distal tibia.

The essence of Mr. DeHerrera's claim is that he should have been X-rayed sooner and that his leg should have been immediately stabilized. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" which can manifest itself in the deliberate indifference to the serious medical needs of inmates. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). There are two components to a showing of deliberate indifference:

> The objective component is met if the deprivation is sufficiently serious. A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety.

*Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotations omitted). Negligence or even medical malpractice is not enough to constitute deliberate indifference. *Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Finally, a plaintiff must show that any delay incurred resulted in substantial harm. *Sealock*, 218 F.3d at 1210.

For purposes of analysis, we will assume, as did the magistrate judge, that Mr. DeHerrera's condition was serious. We cannot conclude, however, that Dr. Kropinak knew of and disregarded an excessive risk to plaintiff's health or safety.

On the day Dr. Kropinak was first contacted by prison medical personnel, Mr. DeHerrera's leg showed signs of slight swelling, bruising and warmth. Dr. Kropinak immediately ordered X-rays and presumably prescribed the Motrin and use of a wheelchair later referenced in the record. Immediately upon learning that Mr. DeHerrera had not been X-rayed, Dr. Kropinak made arrangements for the procedure to be done as soon as possible. When the X-rays revealed the fractures, Dr. Kropinak ordered an expedited visit to an orthopedist for further treatment. There is no evidence that Dr. Kropinak knew of Mr. DeHerrera's broken leg and then disregarded any risk to his health.

Further, Mr. DeHerrera cannot show that substantial harm befell him from any delay in getting an X-ray or in failing to immobilize the leg.[1] The orthopedist who eventually casted plaintiff's leg noted that "[t]he left lower leg appears to be

_____

[1] The record states that on March 14 medical personnel attempted to wrap plaintiff's leg but could not do so because plaintiff would not cooperate. Appellee's Supp. App. at 16. The record further states that on March 16, plaintiff's leg was wrapped with an Ace bandage. *Id.* at 21. Plaintiff asserts that his leg was never wrapped. For purposes of this review of the grant of summary judgment, we will assume that plaintiff's leg was not wrapped.

clinically fairly well aligned." *Id.* at 33. When the orthopedist compared his X-rays with those taken two days earlier, he noted no change in the position of Mr. DeHerrera's leg. *Id.* The orthopedist's attempt at a closed reduction revealed "not much change in the overall alignment." *Id.* There is nothing in the record, and plaintiff does not even suggest, that the ultimate need for surgery was the result of plaintiff's treatment by Dr. Kropinak.

On appeal, Mr. DeHerrera asks us to consider what could be construed as written answers to interrogatories from the orthopedist who treated him. This document was not before the district court, and defendant urges that it be stricken. We conclude, however, that it is possible this information was not presented to the district court because Mr. DeHerrera did not receive notice of the magistrate judge's report and recommendation in a timely fashion. *See* 28 U.S.C. §636(b)(1) (judge may receive further evidence after magistrate's proposed findings and recommendations). We therefore have considered this evidence but find it insufficient to establish deliberate indifference on the part of the defendant.

At most, the document from the orthopedist reveals a difference of medical opinion regarding the proper course of treatment for someone in Mr. DeHerrera's condition. While this evidence may support a claim for medical malpractice, it is insufficient to establish deliberate indifference. *See Gamble*, 429 U.S. at 293 ("A

medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice.").

Defendant-appellee's motion to strike portions of plaintiff-appellant's appendix is denied. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge