**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In Re: REX MONTIS SILVER COMPANY,

    Debtor.

_____

DR. HAROLD MASUNAGA; YUKIO AYABE; THE
ESTATE OF MARIAN HARADA; RESOURCE
CONCEPTS, INC.; TELEGRAPH GOLD
CORPORATION, in its own capacity and as the
Assignee of Claims of Dr. George Pingree;
INTERPHASE CORPORATION; CASCADE
ENERGY & METALS CORPORATION; DELANO S.
FINDLAY; RICHARD N. BIGELOW; and
GNOLAUM UNITRUST,

    Plaintiffs-Appellants,

v.

HERBERT W. STOLTENBERG; H.E. MOSES;
EDWIN STOLTENBERG; CHRIS WAUGH;
SAMUEL HARMATZ; BERNARD HODOWSKI;
PATRICIA STOLTENBERG; DELFORD R.
ASHLEY; SAM HAMBARIAN; ALYCE
HAMBARIAN; LIONEL ASCHER; A.C. NEJEDLY;
GRACE V. DUNCAN; ELLIOT WEINBERG;
ROSALIE DONAHEY, if living and if deceased; all
the unknown heirs and unknown devisees of H.E.
Moses; Herert W. Stoltenberg, Edwin Stoltenberg,
Chris Waugh, Samuel Harmatz, Bernard Hodowski,
Patricia Stoltenberg, Delford R. Ashley, Sam
Hambarian, Alyce Hambarian, Lionel Ascher, A.C.
Nejedly, Grace V. Duncan and Elliot Weinberg,

    Defendants-Appellees.

No. 00-4054
(D.C. Nos.
2:94-CV-564-S
2:94-CV-766-S)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **GIBSON**[**] and **BRISCOE,** Circuit Judges.

Plaintiffs appeal the district court's affirmance of the bankruptcy court's grant of summary judgment to defendants on plaintiffs' action against defendants for equitable subordination, and its grant of sanctions for the filing of a frivolous lawsuit. We affirm.

In its order affirming the bankruptcy court, the district court noted issues argued by plaintiffs which they failed to raise to the bankruptcy court, *see* D. Ct. Feb. 7, 2000, Mem. Dec. at 9, 10, as well as their reliance on evidence that was not introduced in the bankruptcy court, *id.* at 11. On appeal, plaintiffs have presented us with what can only be described as a wholly inadequate appendix

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3. After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

[**]The Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

which they apparently expected us to make some sense of notwithstanding it failed to include numerous items from the record below specifically required by our rules, and as a result has no rhyme or reason that we can make sense of.

Under the Federal Rules of Appellate Procedure, the appellant has the obligation to prepare and file an appendix to the brief containing relevant portions of the record sufficient for us to consider and decide the issues raised on appeal. Fed. R. App. P. 30(a)(1); 10th Cir. R. 30.1(A)(1), 10.3(A). "Documents should be arranged in chronological order according to the filing date;. . . transcript excerpts should be at the end." 10th Cir. R. 30.1(C)(2). "When sufficiency of the evidence is raised, the entire relevant transcript must be provided." *Id.* R. 10.l(A)(1)(a). In addition, Tenth Circuit Rule 10.3(D) requires that "[w]hen the appeal is from an order disposing of a motion or other pleading, the motion, relevant portions of affidavits, depositions and other supporting documents filed in connection with that motion or pleading must be included in the record." 10th Cir. R. 10.3(D)(2); *see also id.* (C)(3). Plaintiffs have violated each of these rules.

Moreover, we have long held that we will not consider material submitted on appeal that was not before the court below when it made its decision. *See, e.g., Aero-Medical, Inc. v. United States,* 23 F.3d 328, 329 n.2 (10th Cir. 1994). While plaintiffs maintain we should ignore defendants' objection on this point

because plaintiffs asserted in their summary judgment brief below "that it was supported by 'all pleadings, documents and transcripts on file in the above captioned case and in the above-captioned adversary proceeding,'" Reply Br. of Cascade Energy at 1, "'judges are not like pigs, hunting for truffles buried in [records].'" *Gross v. Burggraf Const. Co.,* 53 F.3d 1531, 1546 (10th Cir. 1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam). *See also Craven v. Univ. of Colo. Hosp. Auth.*, 260 F.3d 1218, 1226 (10th Cir. 2001). We decline to review material not *specifically* directed to the attention of the bankruptcy court. Nor will we consider arguments not made to the court below. *See generally Hicks v. Gates Rubber Co.,* 928 F. 2d 966, 970-71 (10th Cir. 1991).

Plaintiffs ignore our rules at their peril. *See Dikeman v. Nat'l Educators, Inc.,* 81 F.3d 949, 955 (10th Cir. 1996); *Deines v Vermeer Mfg. Co.,* 969 F.2d 977, 979 (10th Cir. 1992). It is not our duty to attempt to review plaintiff's appeal based on an inadequate record that is virtually impossible to follow. While an appellee may remedy defects in the record on appeal, it is not required to do so. Although appellees here have submitted a supplemental appendix, they nevertheless continue to object to plaintiffs' cavalier attitude about this appeal and their failure to follow the rules. Given the history and length of this litigation, *see* Brief of Appellees at ii-v, we decline to reward plaintiffs'

completely irresponsible approach to this appeal simply because appellees chose to supplement the record in an abundance of caution.

Based on our review of plaintiffs' appendix, the briefs, and relevant legal authority, and applying the appropriate standards of review to the issues, we are not persuaded the bankruptcy court erred either in granting summary judgment for defendants on plaintiffs' equitable subordination claim or in awarding sanctions. Accordingly, we **AFFIRM** the judgment of the district court affirming the bankruptcy court's grant of summary judgment to defendants and its award of sanctions.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge