**UNITED STATES of America, Plaintiff,**

v.

**T.J. THOMPSON, Defendant.**

**No. CRIM. 89–50012–01.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 7, 2005.

T.J. Thompson, F.C.I. Elkton, Lisbon, OH, Pro se, Mark C. Jones, U.S. Attorney's Office (Flint), Flint, for T.J. Thompson (1), Defendant.

## ORDER

GADOLA, District Judge.

Before the Court is Defendant's *pro se* motion for return of property under Federal Rule of Criminal Procedure 41(e)[1], filed on November 12, 2004. The Government filed a response to this motion, arguing that the motion is without merit and requesting sanctions against Defendant. For the reasons stated below, the Court will deny the motion for return of property and deny the Government's request for sanctions.

## I. BACKGROUND

A jury found Defendant guilty of conspiracy to distribute cocaine and of being a felon in possession of firearms on May 2, 1990. Defendant was then sentenced to 300 months on count one and 60 months on count two, with those sentences to be served concurrently. The Sixth Circuit affirmed Defendant's convictions on direct appeal.

On December 3, 2003, Defendant filed a motion requesting that the Court grant his motion for return of property based on an alleged failure by the Government's to respond. Defendant requested the return of four-thousand, seven-hundred dollars ($4,700.00) seized by the DEA on March 10, 1989.

The statute governing seizure requires that "notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a). Courts have noted that this statute and due process do not require actual notice of the forfeiture. *See Dusenbery v. United States*, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). Rather, the notice required is that " 'reasonably calculated' to apprise a party of the pendency of the action." *Id.*

The Court determined, in an order filed on January 8, 2004, that the notice provided to Defendant in this case was insufficient. The only notice provided was sent to a location that Defendant was prohibited from visiting by the conditions of his release on bond. Insufficient notice, however, did not entail that Defendant was entitled to the property. The Court instead denied Defendant's motion for return of property without prejudice. To remedy the inadequate notice, the Court vacated the administrative order of forfeiture without prejudice to the Government commencing another administrative forfeiture proceeding within the requirements of the law, including compliance with the appropriate notice requirements. *See Barrera–Montenegro v. United States and Drug Enforcement Admin.*, 74 F.3d 657, 661 (5th Cir.1996); *Aero–Med., Inc. v. United States*, 23 F.3d 328, 331 (10th Cir. 1994). Defendant appealed the Court's order, and the Court of Appeals for the Sixth Circuit affirmed.

The Government did commence another administrative proceeding within the requirements of the law. *See* Gov't Ex. 4.

---

1. The Court presumes that Defendant means to cite to Federal Rule of Civil Procedure 41(g).

Notice was sent to Defendant T.J. Thompson on July 7, 2004, at Elkton FCI by certified mail with return receipt requested. *Id.* The notice was accepted and signed for on July 12, 2004. *Id.* On August 3, 2004, the DEA received correspondence from Defendant. *Id.* This correspondence, although particularly difficult to understand, appears to chronicle the procedural history of the case and relate to the then pending appeal of this Court's order. *See* Gov't Ex. 7. The correspondence does not appear to be made under oath or clearly articulate Defendant's interest and claim in the property, as instructed by the notice and required by law. *See* Gov't Ex. 5, 7. The DEA therefore declared that the property was forfeited on August 31, 2004.

Having reviewed Defendant's submission to the DEA, the Court determines that the correspondence did not satisfy the requirements for contesting the forfeiture. Although "the claim need not be made in any particular form," the correspondence submitted by Defendant was not sufficiently clear, was not made under oath, and did not articulate Defendant's interest or claim to the property. *See* Gov't Ex. 5, 7. The Court will therefore deny Defendant's motion for return of property.

The Court will also deny the Government's request for sanctions. Because the Court's previous order denied Defendant's motion for return of property with*out* prejudice, the Court does not consider Defendant's *pro se* motion to be entirely in bad faith. Because this present order is *with* prejudice, Defendant is hereby notified that subsequent motions or filings before this Court on the same issue may be considered an abuse of the court process.

## III. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for return of property [docket entry 256] is hereby **DENIED.**

**SO ORDERED.**