**UNITED STATES of America,**
**Plaintiff,**

v.

**ASSORTED JEWELRY WITH AN**
**APPROXIMATE VALUE OF**
**$219,860.00, Defendant**

**No. CIV. 04–1127(JP).**

United States District Court,
D. Puerto Rico.

July 28, 2005.

Miguel A. Fernández, Esq., Assistant United States Attorney, San Juan, PR, for Plaintiff.

Luis R. Rivera–Rodríguez, Esq., San Juan, PR, for Defendant.

### *OPINION AND ORDER*

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it Claimant Félix R. Egipciaco–Figueroa's "Motion to Dismiss In Rem Complaint" (**docket No. 10**); Plaintiff United States of America's opposition thereto (docket No. 11); Claimant's reply to Plaintiff's opposition (docket no. 13); two motions by Claimant for disposition of his motion to dismiss (docket Nos. 23 & 34) and Plaintiff's opposition thereto (docket No. 24).

Plaintiff United States of America, brings the instant action *in rem* to enforce the provisions of 21 U.S.C. § 881(a)(6), for the forfeiture of proceeds of drug trafficking violations against personal property described as Assorted Jewelry with an approximate value of $219,860.00. A claim to the Defendant property has been made by Felix R. Egipciaco–Figueroa ("Egipciaco").

On September 15, 2003 a federal grand jury sitting in the District of Puerto Rico indicted Egipciaco and other individuals for violations of 21 U.S.C. § 841(a)(1) and § 846 (conspiracy to distribute cocaine and heroin, from on or about January 2002 to

the date of the indictment). Egipciaco was specifically charged with supplying multiple kilogram quantities of cocaine and heroin for distribution to other indicted and unindicted co-conspirators. On September 18, 2003 the Drug Enforcement Administration ("DEA") obtained a warrant to search the home of Egipciaco's grandmother which resulted in the seizure of a locked safe containing the assorted jewelry named as defendant in this case.

Claimant Egipciaco now moves, pursuant to 18 U.S.C. § 983(a)(1)(F), to dismiss the *in rem* complaint filed by the United States based on a procedural violation of 18 U.S.C. § 983(a)(1)(A)(i), which requires the government to send written notice to the interested parties of a forfeiture proceeding no later than sixty (60) days after the date of the seizure. The United states opposes the claimant's request for dismissal on the grounds that notice was provided within the statutory term and alternatively, that claimant has no standing to request the dismissal of the present civil action. For the reasons stated herein below, the Court hereby **GRANTS** Claimant's motion to dismiss.

## II. PLAINTIFF'S ALLEGATIONS

The following facts are derived from the documents filed in this case:

1. On September 17, 2003, Egipciaco was arrested on federal drug-related charges.

2. On September 18, 2003, Special Agents from the DEA executed a search warrant in the residence of Carmen Sanabria–González and seized a locked Gardall safe box, among other things.

3. The warrant was sought due to information obtained during the investigation that pointed to said house as a place used by Claimant to store drug-trafficking proceeds.

4. On September 25, 2003, DEA agents obtained and executed a federal search warrant for the Gardall safe box seized from Carmen Sanabria–González's residence and found the jewelry which is the object of this case.

6. On November 20, 2003, notice of the seizure was sent to Egipciaco.

7. On December 5, 2003, Egipciaco made an administrative claim on behalf of himself to the property seized from Carmen Sanabria–González's residence.

8. Carmen Sanabria–González, Egipciaco's grandmother, did not file an administrative claim because a notice of seizure was never sent to her.

9. On February 17, 2004, the United States initiated the present civil action *in rem*.

10. The only claim filed over the jewelry was made by Egipciaco.

## III. LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, at 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)). In addition, a "complaint

sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *Gonzalez–Perez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004). With this framework in mind the Court will assess the instant motion.

## IV. ANALYSIS

■ The statute in question reads:

Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure. 18 U.S.C. § 983(a)(1)(A)(i).

Claimant argues that a seizure occurred at the time the locked safe containing his assorted jewelry was taken by the United States on September 18, 2003, and that notice of its forfeiture was not sent until November 20, 2003, thereby violating the statutory sixty-day notification period.

According to the United States, notification was proper because the sixty-day term did not begin until the locked safe was actually opened pursuant to a warrant on September 25, 2003, several days after the initial seizure of the safe. Therefore, the notice sent on November 20, 2003 was timely and within the statutory sixty-day period. The United States also contends that irrespective of sending proper notification, Claimant had actual notice of the seizure and impending forfeiture and therefore there could be no violation of due process. Alternatively, based on 18 U.S.C. § 983(a)(1)(F), the United States argues that since the property was not seized from Claimant's residence, he has no standing to claim the items.

18 U.S.C. § 983(a)(1)(F) establishes:

If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time.

■ Given the relevant statutory provisions, a main distinction between seizure and forfeiture must be established. A seizure entails only taking possession and control of property. *See Black's Law Dictionary,* 1363 (7th ed.1999). Stated otherwise, a "seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). A seizure may be made after the owner has entrusted control of property to a third party. *United States v. Place,* 462 U.S. 696, 705, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). When the government seizes property, it will only be exercising direct control and possession over it based on probable cause to believe that the property is related to criminal activity. *United States v. A Group of Islands,* 185 F.Supp.2d 117, 121 (D.Puerto Rico 2001). Then, the government must begin a forfeiture proceeding and will only gain actual ownership once it proves its right to forfeiture and a final condemnation is decreed. *Id.*

■ In the instant case, property was seized from Claimant on September 18, 2003, the date it was confiscated from his grandmother's residence. The United States clearly gained possession and control of the safe and its contents the moment they took it into custody. *See Jacob-*

*sen,* 466 U.S. at 120, 104 S.Ct. 1652. The fact that the property was taken from the residence of the Claimant's grandmother does not change his ownership interest in the property. *See Id., see also Place,* 462 U.S. at 705, 103 S.Ct. 2637. Once the property was seized, Claimants' ownership interests in the property were affected more than those of any other party. The United States clearly recognized these interests when it finally decided to send notice of the forfeiture proceeding solely to the Claimant, on November 20, 2003, sixty-three days after the seizure. The notice sent was therefore not timely.

■ Plaintiff's alternative argument, that since the property was not seized from Claimant's residence or from him, he therefore has no standing to claim the property, is equally unavailing to the United States. The statute clearly indicates that "written notice" must be sent "to interested parties" and that the notice must be sent to "the person from whom the property was seized." Therefore, if Claimant's grandmother was an interested party or the goods had been seized from her, as alleged, then the United States had to send Claimant's grandmother written notice of the seizure. The fact that no notice was sent to Claimant's grandmother is telling, and belies Plaintiff's contention that she was the proper party with standing to claim the property in question. In fact, if such an application of the facts to the statute was made, the Court would find that since Claimant's grandmother was the proper party, she should have received notice. Since none was admittedly sent to her, then Claimant's motion would necessarily have to be granted. The Court finds that notice was sent to the appropriate party, Egipciaco, because the goods belonged to him and were seized from him. No other application of the facts to the statute is permissible.

Lastly, Plaintiff's argument that the property was not seized from Claimant because it was not under his direct possession at the time of its seizure is an attempt to sidestep a violation of the simple notification rule of 18 U.S.C. § 983(a)(1)(A)(i). While the Court understands the objective of the United States in attempting to recover the profits of alleged criminal activity, this statutory provision was created to ensure due process, and the Court must respect such rules. Courts can protect the rights of the innocent against such violations at times only indirectly and through the medium of protecting those who are frequently guilty. Therefore, the Court finds that the time constrictions for notice began to run on September 18, 2003, when the lockbox was seized form the house, as opposed to September 25, 2003 when it was actually opened. Since the appropriate notice to the Claimant was not mailed until November 20, 2003, the Court **HOLDS** that notice to Claimant was not timely effected.

## V. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Claimant Félix R. Egipciaco–Figueroa's motion to dismiss (**docket No. 10**) and **DISMISSES WITH PREJUDICE** Plaintiff's claim against Defendant property. The property is to be returned to Claimant, forthwith.

**IT IS SO ORDERED.**