In re RETURN OF SEIZED PROPERTY, Terri Jordan, et al., Movants/Plaintiffs,

v.

UNITED STATES of America, Respondent/Defendant.

United States of America, Plaintiff,

v.

Assorted Firearms, Motorcycles, et al., Defendants.

Terri Jordan, et al., Claimants.

Nos. 2:09–cv–459–FMC, 2:09–cv–1887–FMC–JCx.

United States District Court, C.D. California.

June 11, 2009.

Eric Honig, Eric Honig Law Offices, Marina Del Rey, CA, Richard M. Barnett, Richard M. Barnett Law Offices, San Diego, CA, for Movants/Plaintiffs.

Steven R. Welk, Frank D. Kortum, AUSA—Office of US Attorney, Los Angeles, CA, for Respondent/Defendant.

## ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS ACTION AND ORDER DENYING CLAIMANTS' REQUEST FOR CONSOLIDATION, CROSS–MOTION TO DISMISS CIVIL FORFEITURE COMPLAINT, AND CROSS–MOTION FOR RETURN OF DEFENDANT MOTORCYCLES

FLORENCE–MARIE COOPER, District Judge.

This matter is before the Court on the following motions: the Government's Motion to Dismiss Action (docket no. 11) in Case No. 2:09–cv–459–FMC, filed May 8,

2009; Claimants' Request for Consolidation, Cross–Motion to Dismiss Civil Forfeiture Complaint, and Cross–Motion for Return of Defendant Motorcycles (docket no. 13) in Case No. 2:09–cv–459–FMC, (docket no. 45) in Case No. 2:09–cv–1887–FMC–JCx, filed May 25, 2009. The Court has read and considered the moving, opposition, and reply documents submitted in connection with these motions. The Court deems the matter appropriate for decision without oral argument. *See* Fed. R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for June 22, 2009, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court hereby GRANTS the Government's Motion to Dismiss Action, and DENIES Claimants' Request for Consolidation, Cross–Motion to Dismiss Civil Forfeiture Complaint, and Cross–Motion for Return of Defendant Motorcycles.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 9, 2008, a multi-count and multi-defendant indictment was returned in the criminal case, *United States v. Ruben Cavazos, et al.,* Case No. 2:08–cr–1201. On or about October 21, 2008, law enforcement agents arrested the defendants named in the indictment and executed seizure warrants of assorted firearms, motorcycles and other personal property ("Defendant Property"). Some of the motorcycles seized belonged to individuals named in the criminal indictment, while approximately fifty motorcycles seized are owned by individuals not named in the indictment ("Claimants"). By January 21, 2009, Claimants had not yet received any notice from the Government regarding their seized property, and filed a Motion for Return of Seized Property under Federal Rule of Criminal Procedure 41(g) in Case No. 2:09–cv–459–FMC, *In Re Return of Seized Property.* Claimants' Rule 41(g) motion alleged a violation of the notice requirement provided by 18 U.S.C. § 983(a)(1)(A)(i), and sought return of Claimants' motorcycles pursuant to 18 U.S.C. § 983(a)(1)(F).

The Government opposed Claimants' Rule 41(g) motion in part for failing to properly serve the Government. On March 4, 2009, the Court directed Claimants to cure the defect in service of process, and granted the Government sixty (60) days to respond, pursuant to Fed. R.Civ.P. 12(a)(2). On March 19, 2009, the Government filed a verified Complaint for civil judicial forfeiture, Case No. 2:09–cv–1887–FMC–JCx, seeking judicial forfeiture of the assorted firearms, motorcycles, and other personal property seized in October 2008. On May 5, 2009, the Government filed a First Amended Complaint in the civil forfeiture action. On May 25, 2009, each Claimant filed a verified Claim in the civil forfeiture action for the return of the Defendant Property seized by the Government and owned by the Claimant.

Meanwhile, on May 8, 2009, the Government filed a Motion to Dismiss the Rule 41(g) action in Case No. 2:09–cv–459–FMC. On May 25, 2009, Claimants filed a three-part motion and opposition: (1) Request for Consolidation of Case No. 2:09–cv–459–FMC with Case No. 2:09–cv–1887–FMC–JCx; (2) Motion and Cross–Motion to Dismiss Complaint in Case No. 2:09–cv–1887–FMC–JCx; and (3) Opposition to the Government's Motion to Dismiss, and Cross–Motion for Return of Defendant Motorcycles Pursuant to 18 U.S.C. § 983(a)(1)(F). These motions are currently pending before the Court.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to

seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). All material factual allegations in the complaint are assumed to be true and construed in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.,* 380 F.3d 1226, 1229 (9th Cir.2004) ("The general rule for 12(b)(6) motions is that allegations of material fact made in the complaint should be taken as true and construed in the light most favorable to the plaintiff.") (citing *Burgert v. Lokelani Bernice Pauahi Bishop Trust,* 200 F.3d 661, 663 (9th Cir.2000)). However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 755 (9th Cir.1994) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–1965, 167 L.Ed.2d 929 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *See, e.g., Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir.2005). A court may, however, consider exhibits submitted with the complaint, as well as documents that are referred to in the complaint whose authenticity no party questions. *Id.; Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000) (citing *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.1994)).

■ If the Court dismisses the complaint, it must decide whether to grant leave to amend. Denial of leave to amend is "improper unless it is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir.2005) (citation omitted).

## III. DISCUSSION

The Court will address the parties' motions in the following order: (1) Claimants' Cross–Motion to Dismiss Civil Forfeiture Action; (2) Claimants' Cross–Motion for Return of Defendant Motorcycles; (3) Government's Motion to Dismiss Case No. 2:09–cv–459–FMC; and (4) Claimants' Request for Consolidation.

### A. Claimants' Cross–Motion to Dismiss Civil Forfeiture Action

■ Claimants move to dismiss the Government's First Amended Verified Complaint for Forfeiture for failing to sufficiently allege probable cause. A civil forfeiture complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. Rules") G(2)(f). Furthermore, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") requires the Government to demonstrate that it had probable cause to institute a civil forfeiture action. *United States v. $493,850.00 in U.S. Currency,* 518 F.3d 1159, 1166 (9th Cir.2008). Probable cause is satisfied when there are "reasonable grounds to believe that the property was related to an illegal drug transaction, supported by less than prima facie proof but more than mere suspicion.... Probable cause to believe that the property is involved in some illegal activity is not enough—the government must have prob-

able cause to believe that the property is involved in the activity subject to the specific forfeiture statute it invokes.... Probable cause may only be based upon information gathered before the complaint was filed." *Id.* at 1169 (internal citations omitted); *see also United States v.1948 South Martin Luther King Dr.*, 270 F.3d 1102, 1111 (7th Cir.2001) ("Probable cause exists if 'the government has established that the totality of the circumstances demonstrates a nexus between the property and illegal drug activity.' ").

Claimants argue that the Government's civil forfeiture Complaint fails to satisfy the probable cause requirement because it fails to allege that the Defendant Property was involved in the specific illegal activity cited in the Complaint subjecting the Property to forfeiture. Claimants point to the statements averred in each cause of action, which do not contain any specific facts. (1st Am. Compl. ¶¶ 32–36.) However, these statements are "[b]ased upon the facts set out herein," which include the introductory paragraph, "the *Cavazos* defendants and others (some of whom are named in exhibit A to this complaint), were members and associates of an organization engaged in, among other things, murder, conspiracy to commit murder, attempted murder, conspiracy to traffic in narcotics, narcotics-trafficking, robbery, extortion, money laundering and witness intimidation." (1st Am. Compl. ¶ 8.) In doing so, the Complaint claims that the individuals named in Exhibit A—the owners of the seized property—were members or associates of the organization known as the "Mongols." The Complaint goes on to detail the numerous acts of violence, narcotics-trafficking, money laundering, and related activities allegedly committed by the Mongols.

The five causes of action pleaded are based upon those facts, and allege that the Defendant Property was either used or intended to be used, or traceable to proceeds used or intended to be used, for illegal activity subjecting the Property to forfeiture. For example, based upon the facts pleaded, the seized motorcycles were allegedly "used or intended to be used to facilitate the transfer, sale, receipt, possession or concealment of a controlled substance in violation of Title 21 of the United States Code." (1st Am. Compl. ¶ 32.) In this fashion, the Complaint adequately alleges that the Defendant Property was involved in the specific illegal activity cited in the Complaint that would subject the Property to forfeiture. This satisfies the probable cause requirement and states sufficient facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial. Claimants' Cross–Motion to Dismiss the civil forfeiture Complaint is hereby DENIED.

## B. Claimants' Cross–Motion for Return of Defendant Motorcycles

Claimants move for the return of their motorcycles due to the Government's alleged failure to comply with the Civil Asset Forfeiture Reform Act ("CAFRA"). The provision of CAFRA at issue provides:

> Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

18 U.S.C. § 983(a)(1)(A)(i). The Government contends that this provision would only apply if it had initiated a "nonjudicial civil forfeiture proceeding," which it chose not to do in this case. However, courts have observed that this provision generally

requires notice to be given within sixty (60) days of any seizure by the Government. *See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA,* 545 F.3d 1134, 1141 (9th Cir.2008) ("Under CAFRA, the government has sixty days after seizing property to send written notice to interested parties."); *United States v. $10,000.00 in U.S. Currency,* 2007 WL 2330318, at *1 (S.D.Cal. Aug. 13, 2007) (granting summary judgment and return of property due to Government's failure to provide timely notice after seizure); *United States v. $200,255.00 in U.S. Currency,* 2006 WL 1687774 (M.D.Ga. June 16, 2006) ("First, under the statute, the seizing authority has either 60 or 90 days within which to provide notice; in the absence of timely notice, the seizing agency must return the seized property."); *United States v. Miscellaneous Firearms, Explosives, Destructive Devices, Ammunition,* 399 F.Supp.2d 881, 882 (C.D.Ill.2005) ("Pursuant to CAFRA, the Government must commence either a non-judicial forfeiture (administrative) or a judicial forfeiture within 60 days after the seizure of the property.").

CAFRA sets forth the remedy for failing to provide timely notice:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

18 U.S.C. § 983(a)(1)(F). Though the remedy for failing to provide timely notice is the return of the property seized, the statute also permits the Government to commence a judicial forfeiture proceeding at a later time. That time has come, as the Government filed its civil judicial forfeiture action in Case No. 2:09–cv–1887–FMC–JCx on March 19, 2009. Filing a complaint for civil forfeiture allows the Government to seize the property subject to forfeiture. *See* 21 U.S.C. § 881(b); 18 U.S.C. § 981(b) ("a seizure may be made without a warrant if [ ] a complaint for forfeiture has been filed in the United States district court and the court issued an arrest warrant in rem pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims"). Release of the seized motorcycles to Claimants would therefore be academic. The Government's properly-filed civil forfeiture action would allow it to immediately re-seize the property.

Section 983(a)(1)(F) does not clearly state whether the Government may commence a forfeiture proceeding after having failed to provide timely notice without first returning the property seized. The prevailing view among several district courts is that inadequate notice does not prohibit the Government from bringing a forfeiture proceeding at any time, regardless of whether the property has been returned. *United States v. $114,031.00 in U.S. Currency,* 2007 WL 2904154, at *3 (S.D.Fla. Oct. 4, 2007) ("The plain language of the statute says that returning the property would not prevent the Government from later bringing a forfeiture proceeding. It does not say that the Government is required to return the property before it can bring a forfeiture proceeding."); *Manjarrez v. United States,* 2002 WL 31870533, *2 (N.D.Ill.2002) ("Saying that the returning of the property does not prevent later filing of a forfeiture action is very different from saying that returning the property is a jurisdictional prerequisite to the later filing of a forfeiture action."); *see*

*also Salmo v. United States,* 2006 WL 2975503, *3 (E.D.Mich.2006); *United States v. Thompson,* 351 F.Supp.2d 692, 693 (E.D.Mich.2005); *but see United States v. Assorted Jewelry with an Approximate Value of $219,860.00,* 386 F.Supp.2d 9 (D.Puerto Rico 2005) (dismissing civil judicial forfeiture action and returning property to claimant where the government failed to provide timely notice after seizure); *De Saro v. United States,* 173 Fed.Appx. 760, 765 (11th Cir.2006) ("Because of the government's failure to follow the notice provisions, there is no bar in this civil proceeding for the paintings to be immediately returned. According to the statute, returning the paintings would not prejudice the government's right to initiate a civil forfeiture action, which it should have done in the first place and finally did in the Southern District of Florida on March 2, 2006.").

■ The Court finds the prevailing view persuasive for the reasons noted by those courts. CAFRA allows the Government to file a civil forfeiture action at a later time without having to first return the property at issue. The filing of a proper civil forfeiture action enables seizure of the property subject to forfeiture. Claimants' Cross–Motion for Return of Defendant Motorcycles is therefore DENIED.

## C. Government's Motion to Dismiss Case No. 2:09–cv–459–FMC

The Government moves to dismiss Case No. 2:09–cv–459–FMC, *In Re Return of Seized Property,* which was brought by Claimants pursuant to Federal Rule of Criminal Procedure 41(g), seeking relief pursuant to 18 U.S.C. § 983(a)(1)(F). The Government contends the case is no longer necessary, as Claimants may pursue any desired relief in the civil forfeiture action, and because a pending civil forfeiture action prohibits the maintenance of a Rule

41(g) motion. The Court notes that the Federal Rules of Criminal Procedure do not apply to "a civil property forfeiture for violating a federal statute." Fed. R.Crim.P. 1(a)(5)(B). More important, the Ninth Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has been filed. *United States v. U.S. Currency $83,310.78,* 851 F.2d 1231, 1235 (9th Cir.1988) ("As discussed above, when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation. Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant. The district court did not err in denying the Rule 41(e) [predecessor to Rule 41(g)] motion.").

Moreover, the only relief sought from Claimants' Rule 41(g) motion is the return of Defendant Motorcycles pursuant to 18 U.S.C. § 983(a)(1)(F). As the Court has denied Claimants' Motion for Return of Defendant Motorcycles under section 983(a)(1)(F), Claimants' Rule 41(g) motion is no longer necessary on this basis as well. Furthermore, it is clear that Claimants' Rule 41(g) cannot be saved by any amendment. The Government's Motion to Dismiss Case No. 2:09–cv–459–FMC, *In Re Return of Seized Property* is hereby GRANTED. Case No. 2:09–cv–459–FMC is hereby DISMISSED WITH PREJUDICE.

## D. Claimants' Request for Consolidation

Claimants request consolidation of Case No. 2:09–cv–459–FMC, *In Re Return of Seized Property* with the civil forfeiture action, Case No. 2:09–cv–1887–FMC–JCx. As the Court has dismissed Case No. 2:09–cv–459–FMC, Claimants' Request for Consolidation is hereby DENIED as moot.

## IV.  CONCLUSION

For the foregoing reasons and in the manner set forth above, the Government's Motion to Dismiss Action (docket no. 11) in Case No. 2:09–cv–459–FMC is hereby **GRANTED.** Case No. 2:09–cv–459–FMC is hereby **DISMISSED WITH PREJU-DICE.** Claimants' Claimants' Request for Consolidation, Cross–Motion to Dismiss Civil Forfeiture Complaint, and Cross–Motion for Return of Defendant Motorcycles (docket no. 13) in Case No. 2:09–cv–459–FMC, (docket no. 45) in Case No. 2:09–cv–1887–FMC–JCx is hereby **DENIED.**

**IT IS SO ORDERED.**