UNITED STATES of America,
Plaintiff,

v.

ASSORTED FIREARMS–MOTORCY-
CLES AND OTHER PERSONAL
PROPERTY, Defendants.

Hector Arzola, et al., Claimants.

Case No. 2:09–cv–1887–FMC–JCx.

United States District Court,
C.D. California.

July 22, 2009.

Steven R. Welk, Frank D. Kortum, Of-
fice of US Attorney, Los Angeles, CA, for
Plaintiff.

David S. McLane, Kaye, McLane and
Bednarski, LLP, Pasadena, CA, for Defen-
dants.

ORDER GRANTING GOVERNMENT'S
MOTION TO STAY ACTION UNTIL
CONCLUSION OF RELATED
CRIMINAL PROSECUTION

FLORENCE–MARIE COOPER,
District Judge.

This matter is before the Court on the
Government's Motion to Stay Action Until
Conclusion of Related Criminal Prosecu-
tion (docket no. 67), filed June 25, 2009.
The Court has read and considered the
moving, opposition, and reply documents
filed in connection with this motion. The
Court deems this matter appropriate for
decision without oral argument. *See* Fed.
R.Civ.P. 78(b); Local Rule 7–15. Accord-
ingly, the hearing set for August 3, 2009, is
removed from the Court's calendar. For
the reasons and in the manner set forth
below, the Court hereby GRANTS the
Government's Motion to Stay.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 9, 2008, a multi-count and
multi-defendant indictment was returned
in the criminal case, *United States v. Ru-
ben Cavazos, et al.,* Case No. 2:08–cr–1201.
On or about October 21, 2008, law enforce-
ment agents arrested the defendants
named in the indictment and executed sei-
zure warrants of assorted firearms, motor-
cycles and other personal property ("De-
fendant Property"). Some of the property
seized belongs to individuals named in the
criminal indictment, while other property
seized belongs to individuals not named in
the indictment. As of January 21, 2009, a
number of individuals not named in the
indictment ("Motorcycle Claimants") had
not yet received any notice from the Gov-
ernment regarding their seized motorcy-

cles. They filed a motion for return of seized property under Federal Rule of Criminal Procedure 41(g) in Case No. 2:09–cv–459–FMC, *In Re Return of Seized Property*. These claimants alleged a violation of the notice requirement provided by 18 U.S.C. § 983(a)(1)(A)(i), and sought return of their motorcycles pursuant to 18 U.S.C. § 983(a)(1)(F).

The Government opposed the Rule 41(g) motion in part for failing to properly serve the Government. On March 4, 2009, the Court directed the claimants to cure the defect in service of process, and granted the Government sixty (60) days to respond, pursuant to Fed.R.Civ.P. 12(a)(2). On March 19, 2009, the Government filed a verified Complaint for civil forfeiture in this case, Case No. 2:09–cv–1887–FMC–JCx, seeking judicial forfeiture of the assorted firearms, motorcycles, and other personal property seized in October 2008. On May 5, 2009, the Government filed a First Amended Complaint in this forfeiture action. Multiple claims have been filed in this case seeking return of the Defendant Property by individuals named in the criminal indictment and individuals not named in the indictment.

On June 11, 2009, 625 F.Supp.2d 949 (C.D.Cal.2009), the Court granted the Government's motion to dismiss the Rule 41(g) action in Case No. 2:09–cv–459–FMC. The Court also denied the Motorcycle Claimants' request for consolidation, motion for return of motorcycles, and motion to dismiss this civil forfeiture action. The Government now moves to stay this civil forfeiture action until the conclusion of the related criminal prosecution, Case No. 2:08–cr–1201. The Court is in receipt of two Oppositions, one from Claimant Carlos Rodriguez, and one from the Motorcycle Claimants (docket nos. 104, 124). The Court is also in receipt of Claimant Victor Lee Kovner, III's Joinder in the aforementioned Oppositions (docket no. 135).

## II. LEGAL STANDARD

The relevant civil asset forfeiture statute provides:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1).[1] The statute further provides:

> With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

18 U.S.C. § 981(g)(3).

## III. DISCUSSION

The Government moves to stay this civil forfeiture action pursuant to 18 U.S.C.

---

1. Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Congress amended this statutory provision and removed the requirement that the Government demonstrate "good cause" for a stay. Prior to CAFRA, the statute read:

    The filing of an indictment or information alleging a violation of law, Federal, State or local, which is also related to a forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the forfeiture proceeding. 18 U.S.C. § 981(g) (effective through April 24, 2000).

§ 981(g)(1). The two sets of Claimants who have responded oppose the Government's Motion for similar reasons. These Claimants have not been named in the indictment and seek return of their property without further delay. They contend that their participation in civil discovery would not interfere with the Government's prosecution of the criminal action, because only limited discovery is necessary. The limited discovery would be narrowly tailored in order to enable Claimants to file a motion for summary judgment that probable cause did not exist when the Complaint was filed. Claimants will not seek witness statements or depositions of Government witnesses. In addition, Claimants argue the Government has not made a sufficient showing for a stay from the conclusory statements and generalizations contained in the Government's Motion. However, Claimants do not dispute that *United States v. Ruben Cavazos, et al.*, Case No. 2:08–cr–1201, is a criminal prosecution that is related to the civil forfeiture action.

In its Reply, the Government states that even limited discovery of the facts surrounding whether probable cause existed when the Complaint was filed would "open[ ] up everything the government learned during its three-year investigation of the Mongols to civil discovery." (Reply at 7.) Furthermore, though the Claimants opposing the Motion to Stay are not named in the indictment, a number of them are alleged members of the Mongols motorcycle gang, and allegedly participated in the same activities and conspiracies alleged in the indictment. (Reply at 7–8.) The Government is concerned that the "close association between the defendant claimants and non-defendant claimants would almost certainly result in the disclosure to the defendant claimants of information to which they are not entitled in the criminal case." (Reply at 8.)

The Court finds that a stay is warranted even though some Claimants have not been named in the criminal indictment. The civil forfeiture Complaint alleges that the owners of the seized property, who consist of individuals named and not named in the indictment, were members or associates of the Mongols, and engaged in some of the same criminal activities alleged in the indictment. (1st Am. Compl. ¶ 8.) To allow Claimants to participate in civil discovery would require the Government to reveal information and evidence collected in support of the indictment. However, the Government ordinarily need not reveal all of its evidence during the course of criminal discovery. *See* Fed. R.Crim.P. 16(a) (internal government documents, government witness statements, and grand jury proceedings generally not discoverable). There are also significant relationships between non-defendant Claimants and defendants named in the indictment. *See United States v. Leasehold Interests in 118 Avenue D*, 754 F.Supp. 282, 289 (E.D.N.Y.1990) (concluding that stay was appropriate even though the claimant was not a defendant in the related criminal case). For example, Claimant Carlos Rodriguez acknowledges that his brother, Vincent Rodriguez, is a defendant named in the indictment. Due to the close connection between non-defendant Claimants and defendants in the criminal action, there is a significant risk that information obtained by non-defendant Claimants will be improperly disclosed to the criminal defendants. For these reasons, the Court finds that the overlapping facts and circumstances of the two cases will adversely affect the ability of the Government to prosecute the related criminal case if civil discovery were permitted to proceed.

## IV. CONCLUSION

For the foregoing reasons and in the manner set forth above, the Court hereby

**GRANTS** the Government's Motion to Stay Action Until Conclusion of Related Criminal Prosecution (docket no. 67). As requested in the Government's Motion, the stay imposed in this case will continue to allow the timely filing of claims for the Defendant Property. The Government shall file a notice within thirty (30) days of the conclusion of *United States v. Cavazos* requesting a lifting of the stay and the setting of a scheduling conference. The Government shall also be allowed to file stipulations recognizing liens against the Defendant Property, and notices of dismissal with respect to individual Defendants, as necessary.

**IT IS SO ORDERED.**