**UNITED STATES of America, Plaintiff,**

**v.**

**ONE 2008 AUDI R8 COUPE QUATTRO, Defendant.**

**Commonwealth Euro Auto Group, LLC, Claimant.**

**Case No. 2:10–cv–03662–CJC(PLAx).**

United States District Court, C.D. California, Southern Division.

Nov. 17, 2011.

Frank D. Kortum, AUSA–Office of U.S. Attorney, Los Angeles, CA, for Plaintiff.

Randall L. Oyler, Roger H. Stetson, Barack Ferrazzano Kirschbaum & Nagelberg LLP, Chicago, IL, Ryan S. Mauck, Jeffer Mangels Butler & Mitchell LLP, Los Angeles, CA, for Defendant.

Eric Honig, Eric Honig Law Offices, Marina Del Rey, CA, Adam H. Braun, Adam H. Braun Law Offices, Los Angeles, CA, George Stephen Burns, George S. Burns Law Offices, Newport Beach, CA, for Claimant.

**ORDER GRANTING PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS**

CORMAC J. CARNEY, District Judge.

**I. INTRODUCTION AND BACKGROUND**

Currently before the Court is Plaintiff the United States of America's (the "Gov-

ernment") motion to stay the instant forfeiture action under 18 U.S.C. § 981(g) pending sentencing in a related criminal matter, *United States v. Keuylian* (Case No. SACR 09–00056–CJC), or, in the alternative, to quash the deposition subpoena issued to former FBI Agent Peter H. Norell by Claimant Commonwealth Euro Auto Group, LLC ("Commonwealth"). (Dkt. No. 67.) For the reasons provided below, the Government's motion to stay this forfeiture action is GRANTED.[1]

The Government brought this civil forfeiture action against Defendant one 2008 Audi R8 Coupe Quattro (the "defendant vehicle" or the "Audi"), which was seized on or about November 14, 2008 pursuant to a federal seizure warrant at Commonwealth VW in Santa Ana, California. The Government alleges that Viken Keuylian, former owner of a Lamborghini Orange County dealership, entered into a vehicle flooring agreement with Volkswagen Credit, Inc. ("VW Credit"), whereby he obtained financing from VW Credit to display for sale new and used Lamborghinis and other vehicles at his dealership in exchange for which VW Credit received a security interest in the vehicles. (Verified Complaint ["Compl."] ¶¶ 8, 10.) The Government alleges that Mr. Keuylian misrepresented to wholesale buyers that the titles of the vehicles at his dealership were free and clear, when in fact VW had a security interest in the vehicles. (*Id.* ¶¶ 8, 11.) Based on this misrepresentation, beginning on October 15 2008, Mr. Keuylian sold 54 vehicles at his dealership to wholesalers at a steep discount for sale proceeds totaling over six million dollars. (*Id.* ¶¶ 11, 12.) When VW Credit sought to recover the sale proceeds, Mr. Keuylian refused to turn over the funds, claiming that the vehicles were paid for with cashier's checks that were deposited into an unknown Lamborghini Orange County account, which was subsequently transferred to unidentified trust accounts he and his other family members maintained. (*Id.* ¶¶ 9, 13.) Mr. Keuylian also traded some of the vehicles, including three used Lamborghinis for four vehicles—including the Audi—owned by Tilo Steuer, the owner of EuroCar, a luxury car dealership. (*Id.* at ¶¶ 8, 14, 15.) The Government then seized the Audi after learning that Mr. Keuylian planned to sell it and keep the sale proceeds for his personal gain. (*Id.* ¶ 9.) Based on these allegations, the Government asserts that the Audi is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), on the ground that it is proceeds of and/or traceable to mail fraud under 18 U.S.C. § 1343. (*Id.* ¶ 18.)

## A. Related Criminal Proceeding

On March 11, 2009, the Government initiated criminal proceedings against Mr. Keuylian for committing wire fraud in violation of 18 U.S.C. § 1343, arising out of the same facts in the instant forfeiture case. Specifically, the Government alleges that starting around September 2007, Mr. Keuylian entered into a scheme to defraud VW Credit of the money it loaned to Mr. Keuylian in the amount of $12,560,314 to purchase the vehicles at his dealership. (CR Compl. ¶¶ 4–5.) The Government further alleges that in perpetuation of that fraud, Mr. Keuylian wired $122,660 of funds from VW Credit's JP Morgan account in Dearborn Michigan to Wells Fargo Bank in Santa Ana to purchase a 2006 Bentley Continental, in violation of 18 U.S.C. § 1343. (*Id.* ¶ 7.) Concurrently with the filing of the criminal action, Mr.

---

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. See FED.R.CIV.P. 78; LOCAL RULE 7–

15. Accordingly, the hearing set for November 21, 2011 at 1:30 p.m. is hereby vacated and off calendar.

Keuylian entered into a guilty plea agreement in which he largely admitted to the facts alleged in the forfeiture Complaint. (Dkt. No. 5.) After several rounds of rescheduling, the sentencing of Mr. Keuylian is currently set for March 26, 2012, pursuant to the parties' stipulation and Court Order. (Ct. Order, Dkt. No. 42, Oct. 28, 2011.)

### B. Civil Forfeiture Proceeding

A year after initiating criminal proceedings against Mr. Keuylian, the Government filed its verified Complaint for civil forfeiture of the Audi on May 14, 2010. (Dkt. No. 1.) On July 19, 2010, VW Credit filed a certification and notice of interested parties regarding its status as a claimant. (Dkt. No. 9.) On July 20, 2010, Commonwealth also filed a certification and notice of interested parties regarding its status as a claimant and filed a concurrent opposition to the Government's forfeiture action. (Dkt. Nos. 11, 12.) VW Credit and Commonwealth subsequently answered the Complaint. (Dkt. Nos. 13, 14.) On January 3, 2011, the parties filed a Joint Report pursuant to Rule 26(f) regarding their discovery plan, which stated that "the government need not be involved in the initial discovery process ... unless the Court determines, upon a properly noticed motion, that the participation of the government in the discovery process would expedite the resolution of the case and would not prejudice any criminal investigation or prosecution that may still be underway." (Dkt. No. 27.)

In August 2011, Commonwealth noticed the deposition of Mr. Norrell to commence on September 21, 2011. (Declaration of G. Burns in Supp. Claimant's Opp. to Mot. to Stay ["Burns Decl."] ¶ 9 & Exh. 9.) After engaging in substantial discovery, on September 12, 2011, VW Credit filed an *ex parte* renewed application for leave to withdraw the claim to the Audi and consent to forfeiture, (Dkt. No. 44), which the

Court granted. (Ct. Order, Dkt. No. 50, Sept. 16, 2011.) The motion cut-off date has been set for December 19, 2011. (Ct. Order, Dkt. No. 66.) Pre-trial conference is set for February 6, 2012, and trial has been set for February 21, 2012. (*Id.*) On October 24, 2011, the Government also filed a motion for summary judgment, (Dkt. No. 71), which has been set for hearing on January 9, 2012. (Ct. Order, Dkt. No. 74, Oct. 26, 2011.)

### C. Motion to Stay

Concurrent with its motion for summary judgment, the Government filed under seal this instant motion to stay the proceedings pending completion of sentencing in *United States v. Keuylian* or, in the alternative, for an order quashing the deposition subpoena issued to Mr. Norell by Commonwealth. (Dkt. No. 70.) Commonwealth filed sealed opposition papers to the Government's motion to stay, and the Government filed its reply under seal. (Dkt. Nos. 80–82, 88–90.) The Government contends that Commonwealth has admitted that it intends to depose Mr. Norell, who was responsible for the criminal investigation, to obtain information about the criminal proceeding. Because sentencing has not yet occurred in the criminal matter, the Government argues that Mr. Norell's deposition by Commonwealth will impermissibly interfere with the criminal proceeding under 18 U.S.C. § 981(g). Commonwealth argues that its intention is not to inquire about the criminal investigation, but to question Mr. Norell regarding the underlying facts of the case. Commonwealth argues that a stay is not proper under Section 981(g) because the Government has not provided any factual showing of prejudice to the related criminal investigation if the deposition of Mr. Norrell were to go forward.

## II. ANALYSIS

### A. Legal Standard

"Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1)[2]; *see also U.S. v. Assorted Firearms–Motorcycles and other Personal Property,* 677 F.Supp.2d 1214, 1215 (C.D.Cal.2009). The language in Section 981(g)(1) reflects an amendment by the Civil Asset Forfeiture Act of 2000 that "broadened the stay relief significantly" and removed the requirement that the Government show good cause. *United States v. All Funds Deposited in Account No. 200008524845,* 162 F.Supp.2d 1325, 1330 (D.Wyo.2001).

Largely consistent with this standard, the parties also agreed pursuant to their January 2011 Joint Rule 26(f) report, that "the government need not be involved in the initial discovery process ... unless the Court determines, upon a properly noticed motion, that the participation of the government in the discovery process would expedite the resolution of the case and would not prejudice any criminal investigation or prosecution that may still be underway." (Pl.'s Reply in Supp. Mot. to Stay, Exh. C, at 4–5.)

### B. Adverse Affect on the Criminal Proceeding

The parties do not dispute that the instant forfeiture action and criminal case, *United States v. Keuylian* (SACR 09–

00056–CJC), are directly related and arise from the same factual circumstances— namely, from Mr. Keuylian's alleged fraudulent sale and trades of vehicles, which were initially purchased with a loan from VW Credit and in which VW Credit retained a security interest that VW Credit was never repaid. In perpetuation of that fraud, the Government alleged—and Mr. Keuylian has now admitted—that he wired money from VW Credit's account to another bank account to purchase a 2006 Bentley Continental, in violation of 18 U.S.C. § 1383. The Government claims that the Audi is subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(C) because Mr. Keuylian obtained the vehicle via his scheme to defraud VW Credit.

■ The parties' dispute, however, centers on the issue of whether the deposition of Mr. Norrell will prejudice the criminal proceeding such that a stay of the proceeding is warranted under Section 981(g). Commonwealth argues that the Government only relies on speculation instead of providing facts showing that the deposition of Mr. Norrell will adversely affect the criminal proceeding. (Claimant's Opp. to Mot. to Stay, at 4–8.) As a preliminary matter, however, Section 981(g)(1) does not require a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation. *See U.S. v. $1,026,781.61 in Funds from Floridal Capital Bank,* No. CV 09–04381, 2009 WL 3458189, *2 (N.D.Cal. Oct. 21, 2009). In fact, more specific disclosure of prejudice through detailed evidentiary support will only result

---

**2.** "In [subsection (g)], the terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4).

in the very prejudice to the criminal proceeding that the Government seeks to avoid. *See id.* Thus, Courts have routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of *likely* prejudice to the criminal proceeding caused by the civil discovery. *See id.; United States v. Approximately $69,577 in United States Currency,* No. C 09–0674, 2009 WL 1404690 (N.D.Cal. May 19, 2009); *Assorted Firearms–Motorcycles,* 677 F.Supp.2d at 1216.

■ Furthermore, there is a significant risk that the deposition of Mr. Norrell will adversely affect the criminal proceeding. Commonwealth contends that its intention is not to obtain information about the criminal proceeding, but to inquire into the facts that Mr. Norrell claims to have that support the Government's case. (Claimant's Opp. to Mot. to Stay, at 4.) But, as Commonwealth concedes, the deposition of Mr. Norrell will inevitably implicate the criminal investigation of Mr. Keuylian, as Mr. Norrell was the primary investigator in the case and the factual allegations in the forfeiture Complaint overlap with the facts in the criminal proceeding. (D. Cooley Declaration in Supp. Opp. ("Cooley Decl.") ¶ 2.) Allowing Commonwealth to depose Mr. Norrell would require him to reveal information and evidence collected in support of Mr. Keuylian's indictment, which the Government need not reveal in criminal discovery. *See* Fed.R.Crim.P. 16(a)(2) ("discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" is generally not subject to disclosure); *Assorted Firearms– Motorcycles,* 677 F.Supp.2d at 1216. There is also a significant, familial connection between Commonwealth and Mr. Keuylian, which is likely to compromise the criminal proceeding. Nora Keuylian is the sister of Mr. Keuylian and the manag-

er/member of Commonwealth as well as one of the owners and managers of the Lamborghini Orange County dealership. (Pl.'s Reply in Supp. Mot. to Stay, Exh. A.) Due to this close relationship, there is a significant risk that information obtained by Commonwealth from the deposition of Mr. Norrell will be disclosed to Mr. Keuylian. *See Assorted Firearms–Motorcycles,* 677 F.Supp.2d at 1216 (granting stay of civil forfeiture action pending conclusion of related criminal case because of close relationships between the claimant and defendant); *Approximately $69,577 in U.S. Currency,* 2009 WL 1404690, at *3 (stay under Section 981(g)(1) is warranted where claimants are family members of the defendant because "even if there is not an 'identity' of parties in both actions, there is an identity of interest"). Given the overlapping facts and circumstances of the civil and criminal matters, the Court thus finds that the deposition of Mr. Norrell will likely adversely affect the Government's ability to prosecute the criminal proceeding.

## C. No Prejudice to Commonwealth's Interests

Commonwealth further argues that it needs to depose Mr. Norrell because he is the sole author of most of the documents upon which the factual allegations in the forfeiture Complaint are based, including witness statements, FBI's unclassified memoranda, and supporting affidavit for the seizure of property. (Claimant's Opp. to Mot. to Stay, at 2–3.) However, Commonwealth does not show how deposing Mr. Norrell is necessary or will expedite the proceedings. Although the Government has filed a motion for summary judgment, and Commonwealth's opposition is currently due next month, it is not clear how deposing Mr. Norrell will shed any more light on the factual allegations in the forfeiture Complaint, much of which has

already been admitted by Mr. Keuylian in his plea agreement. Even assuming that the deposition of Mr. Norrell is necessary and helpful to Commonwealth with respect to the issues in the forfeiture case, a stay of the civil proceeding will not prejudice Commonwealth's interest, as it may depose Mr. Norrell and resume litigation of the forfeiture case after Mr. Keuylian's sentencing.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion to stay the instant forfeiture action until completion of sentencing of Mr. Keuylian in *United States v. Keuylian.* The Court hereby vacates the January 9, 2012 hearing date for the Government's motion for summary judgment and vacates the Court's October 19, 2011 Order continuing the trial date and related dates. Commonwealth may depose Mr. Norrell upon completion of sentencing of Mr. Keuylian. The Government shall file a notice within twenty (20) days of the conclusion of Mr. Keuylian's sentencing in *United States v. Keuylian,* requesting that the stay be lifted and setting a scheduling conference.